In the Matter of the Application of ANTON STAUDT, Acting in His Capacity as Rector of the Oensbach Roman Catholic Church of Baden, Germany, Residuary Legatee and Devisee of PETER KUNZENBACHER, Deceased, Appellant, for a Determination as to the Construction or Effect of the Last Will and Testament of PETER KUNZENBACHER, Deceased. MICHAEL PILLER and Another, Executors, etc., Respondents.— Motion to vacate the order of this court dated October 7, 1932, dismissing appeal granted. The motion by respondents to dismiss the appeal is denied on condition that appellant perfect the appeal for the January, 1933, term (for which term the case is set down) and be ready for argument when reached; otherwise, motion granted, with ten dollars costs. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

In the Matter of the Appraisal under the Estate Tax Law of the Estate of FRANK A. SEITZ, Deceased. STATE TAX COMMISSION, Appellant; SELMA SEIT and Others, Respondents.— Motion for leave to appeal to the Court of Appeals granted. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ. [See ante, p. 206.]

KEW ARMS, INC., Appellant, v. ROSE LEWIS FLEISCHMAN and Others, Defendants, and THE MANHATTAN SAVINGS INSTITUTION, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

JENNIE MANASIA, Respondent, v. NEW YORK CASUALTY COMPANY, Appellant. — Motion for leave to appeal to the Appellate Division granted. Motion for stay denied, no undertaking having been given. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

GEORGE W. REYNOLDS, Respondent, v. HELEN ANTMAN and 96 SOUTH GRAND AVENUE, INC., Appellants.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

ALBERT SALVATORE, Respondent, v. MARY S. REILLY, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Stay granted for thirty days to enable appellant to apply to the Court of Appeals. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

MILLIE SAVIANO, Respondent, v. BROOKLYN CITY RAILROAD COMPANY, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

TAPPAN AND NYACK BUS, INC., Appellant, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT and Another, Respondents.— Motion for reargument denied, with ten dollars costs. Present — Lazansky, P. J., Young, Carswell and Scudder, JJ.; Tompkins, J., not voting.

ANDREW VANDEMARK, Respondent, v. ALEXANDER M. KENNEDY, Doing Business under the Firm and Trade Name of A. M. KENNEDY TRANSPORTATION COMPANY, Defendant, and L. BEYER MOTOR COMPANY, INC., Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

DANIEL S. WILSON, Respondent, v. ALONZO B. MORLEY, Appellant.— Motion

for reargument denied, with ten dollars costs. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

BACTERIAL SEWAGE PURIFICATION COMPANY, Respondent, v. NATHAN STRAUS, JR., Appellant, and HELEN SACHS STRAUS, Defendant.— Judgment of the County Court of Westchester county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

REBECCA G. BOWEN, Plaintiff, v. PAUL W. HORGAN and Others, Defendants, Impleaded with PHILIP KANTER and SAMUEL GOLDINGER, as Assignees of TRACHSON BUILDING CORPORATION, Respondents; AGNES VERLIN, Appellant.— Order denying motion to join appellant as a party defendant reversed on the law, with ten dollars costs and disbursements, and motion granted to the extent of allowing the appellant to intervene and enforce her lien on the fund in the referee's hands, with ten dollars costs. In our opinion, the appellant, by virtue of her subcontract with the bidder on the partition sale, obtained an equitable lien upon its bid and the amount of its deposit with the referee, to the extent of her payment on account of her subcontract of purchase, and this right is superior to the rights, if any, of the respondents, the subsequent assignees of the bid. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

CIVIL REALTY CORPORATION, Respondent, v. GANS CONSTRUCTION CORPORATION and I. IRVING APFEL, Appellants.— Order granting motion to dismiss the complaint for lack of prosecution, in so far as it imposes a condition, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

JOHN C. FERNANDEZ, Respondent, v. MARTHA STENGEL, Appellant.— Judgment of the County Court of Nassau county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

LAURETTA I. GERHARDT, Respondent, v. MANHATTAN BEACH PARK, INC., and MANHATTAN BEACH BATHING COMPANY, Appellants. PHILIP L. GERHARDT, Respondent, v. MANHATTAN BEACH PARK, INC., and MANHATTAN BEACH BATHING COMPANY, Appellants. (Consolidated Appeals.) — Judgments unanimously affirmed, with costs. Under the charge, to which no exception was taken, the jury were permitted to find and presumably did find that the defendants failed to exercise reasonable prudence for the safety of their patrons, of whom the plaintiff wife was one. The facts sufficiently established that the danger of one of the large beach umbrellas being carried through the air by the wind and weather was or could have been known to the defendants in time to prevent what occurred. The claim that there was a failure to prove defendants' ownership of the particular beach umbrella in question is not controlling in the light of the duty of the defendants, who conducted a place of entertainment or recreation to which patrons were invited on payment of an admission fee, to safeguard their patrons from danger which might reasonably have been anticipated. In the circumstances, the defendants were obligated to see to it that danger should be minimized to the extent that reasonably prudent men might foresee the necessity of doing so. (*Barrett* v. *Lake Ontario Beach Imp. Co.*, 174 N. Y. 310; *Redmond* v. *Nat. Horse Show of America, Limited*, 78 Misc. 383, 384; *Arnold* v. *State of New York*, 163 App. Div. 253, 262; *Platt* v. *Erie County Agricultural Society*, 164 id. 99, 103.) Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

STEWART B. HOPPS, Respondent, v. NATIONAL UNION FIRE INSURANCE COM-